## DEFINITION OF NEXT OF KIN.

### Court of Appeals for Hamilton County.

JANE CHAMPLIN v. JOHN M. WALSH, EXECUTOR OF THE WILL OF MARCENA MALISA GOLDSMITH, DECEASED, ET AL.

Decided, May 29, 1916.

*Distribution—Determination as to Next of Kin of One Who Died Without Issue—Section 8574.*

The next of kin within the sixth clause of Section 8574, General Code, of one who died leaving no issue, and whose father and mother are both dead and left no issue surviving them, are the descendants of her grandparents, or her great grandparents, or her great great grandparents, as far back as it may be necessary to go.

*Hicks & Hicks,* for plaintiff in error.
*John M. Walsh,* for executor.
*James R. Jordan,* for defendants in error.

JONES (Oliver B.), J.

The final judgment in this case, in the court of common pleas, ordered distribution of the property undisposed of by

the will of Marcena Malisa Goldsmith—one-half of that which came to her from her husband, to-wit, the real estate and certain bonds—to Moses Goldsmith, the brother of the whole blood of her deceased husband; and provided that "the other one-half of said surplus of said bonds, together with any undevised balance of the personal estate of said testatrix remaining after the payment of debts and legacies as above provided, shall be paid and distributed in accordance with the provisions of the General Code of Ohio applicable thereto."

This case, on error from the common pleas court, was heard in this court before the judges of the sixth district, who affirmed the judgment of the common pleas court so far as this matter was concerned, and modified it in some other respects. The parties, however, bring it again to the attention of the court because of their failure to agree as to what provisions of the General Code of Ohio apply to the distribution of this particular property. The property consists of a house and lot in Madisonville and government bonds of the value of about three thousand dollars, all of which came to the testatrix by devise from her deceased husband, Charles N. Goldsmith, and one thousand dollars which was acquired by the testatrix from other sources.

There is no question about the one-half of the property which came from her deceased husband going to his brother, Moses Goldsmith. The contention submitted to the court is, that because testatrix had no issue, and her father and mother who are both deceased left no issue surviving her, and her next of kin are the descendants of her grandparents or great-grandparents, that she left no next of kin within the sixth clause of Section 8574 of the General Code, and that Moses Goldsmith would therefore take under the terms of Section 8576.

The right to the one-half of the real estate and the bonds taken by Moses Goldsmith, as to which there is no dispute, is given him by Section 8577, General Code. The claim he makes as to the balance of the property is under Section 8576, General Code. By its terms this latter section would operate only where "there is no person entitled to inherit it under the next three preceding sections." The next of kin of the wife, however, claim under Section 8574, clause 6, which is as follows:

"If the father and mother are dead, the estate shall pass to the next of kin, and their legal representatives, to and of the blood of the intestate."

Counsel for Moses Goldsmith contend that this clause undertakes to make two classes of "next of kin"—those of the blood of the intestate, and those not of the blood of the intestate. And he undertakes to say that the only next of kin of the blood of the intestate would consist of the children and their issue and the father and mother and their issue. We find no support for this contention. They may be nearer blood relatives, but the grandparents and their issue, and the great grandparents and their issue, are also blood relatives, as far back the line as it is necessary to go to find the nearest blood relatives.

The purpose of inserting the words "of the blood of the intestate" seems to be to exclude relatives by affinity claiming through a husband or wife. Strictly speaking, the widow is not classed as next of kin, nor is a surviving husband; but under general definitions that are sometimes given, either of these might be included within the term. The Century Dictionary as one definition, defines "next of kin" as "the relatives of a decedent entitled to his personal estate under the statute of distribution." And "kin" is defined as "relationship; consanguinity or affinity." Among the definitions of the term "next of kin" found in 29 Cyc., 1044, are: "nearest of kin; nearest in blood relationship; nearest of blood," etc.

In *Armstrong* v. *Grandin*, 39 O. S., 368, an order of the probate court to distribute and pay over funds to the next of kin and representatives of said intestate according to the provisions of the statute, etc., was construed to include the widow, although not strictly within the meaning of next of kin. It is agreed that there are living relatives of Marcena Malisa Goldsmith who can be found, who are descendants of either her grandparents, of her great grandparents or of her great great grandparents, whose names and proximity to the testatrix have not yet been fully ascertained. The next of kin thus

found are entitled to take this property under the terms of General Code, 8574.

JONES (E. H.), P. J., and GORMAN, J., concur.